# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| ERIC D. BROWNE | * | CIVIL ACTION NO. 05-1046 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Eric D. Browne ("Browne"), on June 16, 2005. The Government has filed a response to Browne's petition. (Doc. #10). Browne opposed the response (Doc. #11) and the Government filed an additional reply (Doc. #13). For reasons stated below, it is recommended that Browne's petition be **DISMISSED without prejudice.**

## BACKGROUND

Browne is a native and citizen of Liberia. Browne entered the United States legally as a non-immigrant student in 1981. In 1992, Browne was convicted of criminal attempt to commit larceny and criminal impersonation and sentenced to 18 months and one year concurrent terms, respectively. He also received a 2 year sentence for burglary. On July 15, 1997, Browne was ordered to be deported. On July 24, 1997, Browne appealed the decision to the Board of Immigration Appeals, which remanded the case to the Immigration Judge. Browne was ordered removed *in absentia* on January 11, 2001. Browne was taken into custody by the United States Bureau of Immigration and Customs Enforcement ("ICE") (formerly INS) on November 23, 2004. On June 16, 2005, Browne filed this petition challenging his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), claiming that the presumptively reasonable six-month detention period has expired and

there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*[1], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Browne was not been removed because he filed a motion in July 2005 to reopen his case. When the motion to reopen proceedings was filed in the Immigration Court, Browne received a stay of removal "pending decision on the motion and the adjudication of any properly filed administrative appeal." 8 C.F.R. §1003.23(b)(iii)(2)(C). Should the Immigration Court reopen Browne's immigration case, the Order of Deportation issued against him would no longer be final and the presumptive six-month period under *Zadvydas* would not apply. If the Immigration Court denies Browne's request to reopen proceedings, the Government argues that

---

[1] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

Browne's removal will become reasonably foreseeable because it was imminent on August 16, 2005. Browne was in the process of being removed on August 16, 2005 when the deportation officer executing the Order of Removal learned of Browne's Motion to Reopen and was required to suspend Browne's removal. Browne's Motion to Reopen continues to await a decision by the Immigration Court and Browne cannot be removed until after the motion has been decided.

In addition, the lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Browne argues that there is no significant likelihood of his removal in the reasonably foreseeable future because travel documents to facilitate his departure to Liberia will not be issued. Browne states that he contacted the Liberian Consulate in Washington, D.C. to request travel documents, but was told that the Embassy was not able to issue travel documents, nor would they be able to issue travel documents in the reasonably foreseeable future because Liberia did not have a functioning government. The Government has replied to Browne's allegations and provided a copy of a travel document issued from the Consulate-General of the Republic of Liberia for Browne on May 10, 2005. The Government contends that this travel document facilitated Browne's attempted removal to Liberia on August 16, 2005, and the only reason Browne was not removed at that time was because he filed a motion to reopen his case. Therefore, Browne has failed to demonstrate that there is no significant likelihood of his removal in the foreseeable future. It is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE